RECEIVED
NOV -6 2007
CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

# United States District Court
## for the
## District of Alaska

Amended Petition for Warrant or Summons for Offender Under Supervised Release

Name of Offender: KING, Donovan　　　　　　　　　Case Number: A00-0056-06 CR (HRH)

Sentencing Judicial Officer:　　H. Russel Holland, Senior U.S. District Court Judge

Date of Original Sentence:　　12/01/2000

Original Offense:　　Conspiracy

Original Sentence:　　27 months incarceration with three years supervised release.

Date Supervision Commenced:　　12/11/2002

Asst. U.S. Attorney: Stephan Collins　　　　　　　Defense Attorney: Kevin McCoy

## PETITIONING THE COURT

[X]　Warrant issued on August 18, 2005
[ ]　To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervised release:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance," in that, on or about, August 14, 2005, the defendant committed the crime of Assault in the 1st Degree, Serious Injury, Weapon, in violation of Alaska Statute 11.41.200(a)(1) and/or Alaska Statute 11.41.200(a)(3). The defendant was convicted upon jury verdict and sentenced on October 2, 2007. This violation is a Grade A violation. |
| 2 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance," in that on or about, August 14, 2005, the defendant committed the crime of Assault in the 3rd Degree, Serious Injury, Weapon, in violation of Alaska Statue 11.41.220(a)(1)(A) and/or Alaska Statute 11.41.220(a)(1)(B). The defendant was convicted upon jury verdict and sentenced on October 2, 2007. This violation is a Grade A violation. |

| | |
|---|---|
| 3 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance," in that on or about, August 14, 2005, the defendant committed the crime of Operator Failing to Render Assistance To Injured Person After Accident, in violation of AS 28.35.060(c). The defendant was convicted upon jury verdict and sentenced on October 2, 2007. This violation is a Grade B violation. |
| 4 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance," in that on or about, August 14, 2005, the defendant committed the crime of Driving Under the Influence in violation of Alaska Statute 28.35.030(a)(1). The defendant was convicted upon jury verdict and sentenced on October 2, 2007. This violation is a Grade C violation. |
| 5 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance," in that on or about, August 14, 2005, the defendant committed the crime of Reckless Driving, in violation of Alaska Statute 28.35.040. The defendant was convicted upon jury verdict and sentenced on October 2, 2007. This violation is a Grade C violation. |

U.S. Probation Officer Recommendation:

The term of supervised release should be:

    [X]    Revoked
    [ ]    Extended for _____ year(s), for a total term of _____ years.

[ ]   The conditions of supervised release should be modified as follows:

Respectfully submitted,

**REDACTED SIGNATURE**

Eric Odegard
U.S. Probation/Pretrial Services Officer
Date: November 6, 2007

*Petition for Warrant or Summons*
*Name of Offender*      :      KING, Donovan
*Case Number*           :      A00-0056-06 CR (HRH)


THE COURT ORDERS

[ ]  *The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition, probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the offender.* The petition for supervised release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]  The issuance of a summons. The Petition for Supervised Release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[X]  Other: **The petition dated October 23, 2007, is amended as above.**

REDACTED SIGNATURE

F/s/ H. Russel Holland
Senior U.S. District Court Judge

11-6-07
Date


**Supervised Release Cases:** Pursuant to 18.U.S.C. § 3401(i), the sentencing District Court may designate a Magistrate Judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the Court proposed findings of facts and recommendations, including disposition recommendations.
**Probation Cases:** Pursuant to *United States v. Frank F. Colacurcio,* 84 F.3d 326, a Magistrate Judge has the authority to conduct a probation revocation hearing **only if** the following three conditions are satisfied: (1) the defendant's probation was imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the defendant initially was sentenced by a Magistrate Judge. Therefore, a District Court **may not** designate a Magistrate Judge to conduct revocation hearings on probation cases where a District Court was the sentencing Court.

# United States District Court
for the
# DISTRICT OF ALASKA

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** )<br>)<br>)<br>vs. )<br>)<br>)<br>KING, Donovan ) | Case Number: A00-056-06 CR (HRH)<br><br>DECLARATION IN SUPPORT OF PETITION |

I, Eric Odegard, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of Supervised Release for Donovan King, and in that capacity declare as follows:

On December 1, 2000, King was sentenced to 27 months imprisonment and three years supervised release following his conviction for Conspiracy in violation of 21 U.S.C. § 846. The defendant's case was investigated by the Drug Enforcement Administration (DEA) and the Anchorage Police Department (APD) and involved cocaine trafficking into Anchorage in kilogram quantities along with six other defendants. APD reports from the initial investigation indicated that King and Conner Kimbrell were involved with the "Irish Pride" street gang, which was involved in cocaine trafficking with Stuart Seugasala.

The defendant was released from custody on December 11, 2002, and met with his probation officer and was advised of the conditions of supervised release.

On June 30, 2004, a non-compliance report was sent to the Court indicating that the defendant had been caught in the probation office with a homemade device designed to subvert the urine collection procedure by providing "clean" urine for testing. The defendant admitted that he had been submitting "fake" urine for approximately one and a half years on supervision and had been using marijuana during that time. The device was seized and the defendant was given a verbal reprimand and instructed to disclose the violation to his substance abuse counselor.

On October 25, 2004, the U.S. Probation Office received a call from M.B., indicating that on October 24, 2004, she had been assaulted by Donovan King while a Domestic Violence Protective Order was in place, and had called the Anchorage Police Department (APD) resulting in APD report 04-050521. On October 28, 2004, King was arrested by APD on a felony warrant resulting from the assault. That same day probation officers searched the offender's vehicle in the parking lot of the Dimond Mall. Seized items included drug testing kits, and an empty cigarette package containing cocaine, which was in the center console area of the vehicle.

On November 1, 2004, a Petition for Warrant was filed by the U.S. Probation Office alleging three

violations. Violations one and two stemmed from the state case charging assault and violation of a protective order. Violation three involved the cocaine found in King's car. The defendant spent approximately seven and a half months in jail before the assault charges were dropped. On June 15, 2005, following the dismissal of the local charges the defendant was released to the Cordova Center, pending the disposition of the federal Petition. At that time, King and the government entered into an agreement to allow King to admit to the cocaine violation in exchange for a "time served" disposition and supervised release to follow until December 10, 2005.

On June 23, 2005, the defendant appeared in court for a final revocation hearing before the Honorable H. Russel Holland, Senior U.S. District Court Judge, who agreed to the disposition proposed by the parties.

On June 25, 2005, the defendant was charged with Resisting / Interfering With an Officer in accordance with Municipality of Anchorage Code 8.30.010 and as stated in Anchorage Police Report number 05-27576. This case involved a disturbance at the Call of the Wild on Tudor road. According to police reports, they arrived to find Conner Kimbrell with a laceration on his lip and blood on his head. While speaking to Kimbrell, King, who was present and appeared to be intoxicated, had to be asked to step away. Officer's then began pursuing another individual, who ran from the scene and while attempting to arrest that person, King was also arrested for interfering. According to the municipal prosecutor's office, they are pursuing these charges.

On June 27, 2005, the defendant reported to the U.S. Probation Office to discuss his police contact and he was reprimanded for having felon association and not following the orders of a police officer.

On July 7, 2005, USPO Mader received a fax from the Cordova Center on a urine sample which tested positive for marijuana on June 18, 2005, which test was taken prior to his release from custody. The defendant tested positive for marijuana several more times following his release from the Cordova Center, however, in consultation with the testing laboratory it was determined that, there was not definitive proof that his use had occurred since his release from custody and therefore would be a violation. .

On July 18, 2005, the defendant's vehicle, a maroon Dodge minivan, was involved in a high speed chase with University of Alaska Anchorage (UAA) police as detailed in Anchorage Police Report 05-31273. The vehicle failed to stop for UAA Police on a routine traffic stop and eventually crashed at Boniface and the Glenn Highway. Officer's radioed into the Anchorage Police dispatch, that a white male wearing a white or tan t-shirt and blue jeans had run north from the accident. This case is under investigation.

On July 19, 2005, the defendant reported to the U.S. Probation Office for a scheduled urine sample. At this time USPO Mader questioned the defendant about his vehicle being involved in an accident that started from failure to stop at the direction of an officer. The defendant stated that during the incident at the Call of the Wild on June 25, 2005, after which he was charged with Resisting / Interfering With an Officer, his keys to his vehicle had been stolen and that he just realized yesterday that his van was stolen. The defendant denied that he was driving the vehicle

and added that he would not run from the police.

On August 1, 2005, probation officers searched the defendant's Dodge minivan at the Anchorage Police Department impound lot. Among the things seized was a cellular telephone with the cellular telephone number to a cellular telephone belonging to Conner Kimbrell in the directory under the name, "Pimp C." Kimbrell is also a felon under the supervision of the U.S. Probation Office and is presently in revocation proceedings for approximately four ounces of cocaine found in his house during a search by U.S. Probation Officers on August 4, 2005.

On August 14, 2005, the defendant was arrested by the Anchorage Police Department and charged by Complaint in case 3AN-05-07415 CR with Assault in the 1st Degree, Serious Injury, Weapon, a Class A Felony, Assault in the 1st Degree, Serious Injury, Weapon, a Class A Felony, DUI - Alcohol or Controlled Substance, a Class A Misdemeanor, Reckless Driving, a Misdemeanor, Leaving the Scene of an Accident Involving and Injury/Death, a misdemeanor and Leaving the Accident Without Providing Information, a Class A Misdemeanor. This case involved a crash near the intersection of 5th and Medfra, where the defendant's vehicle, a white Lincoln town car with a lone occupant, the driver, hit another vehicle and seriously injured the driver. The defendant, who appeared to be intoxicated, was seen running from scene and was apprehended by bystanders, who held bound with a neck tie until the police arrived. The defendant had abrasions matching the pattern of a seat belt on his chest and commented that a fat lip he had must have been the result of the impact of the vehicle's air bag. The defendant had $1,715 in U.S. Currency on his person at the time of his arrest.

On October 2, 2007, the defendant was sentenced by the Honorable Eric A. Aarseth in state court in case 3AN-05-7415 CR following his convictions resulting from a jury trial of five new state law violations as follows:

**Count I**: Assault in the First Degree in violation of AS 11.41.200(a)(1) and/or AS 11.41.200(a)(3)

**Count II**: Assault in the Third Degree in violation of AS 11.41.220(a)(1)(A) and/or AS 11.41.220(a)(1)(B)

**Count III**: Operator Failing to Render Assistance to Injured Person After Accident in violation of AS 28.35.060(c)

**Count IV**: Driving Under the Influence in violation of AS 28.35.030(a)(1)

**Count V**: Reckless Driving in violation of AS 28.35.040

Executed this 6th day of November, 2007, at Anchorage, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

**REDACTED SIGNATURE**

Eric Odegard
U.S. Probation Officer